# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE DAVIS, #K79658, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 19−cv−00892−NJR ) |
| WARDEN THOMPSON, P. MYERS, C. BROWN, LT. FRANK, MERCIER, HALE, and DR. LANE, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Deandre Davis, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brings various claims resulting from the inadequate medical care of his ulcerative colitis and hernia that he has received at Pinckneyville. Plaintiff also claims he was sexually assaulted by Pinckneyville Medical Director, Dr. Myers, and he continues to be treated by Dr. Myers against his objections. Because Plaintiff seeks emergency injunctive relief, the Court will take up this matter without delay. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012).

The Court must review the Complaint under 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from

such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff's Complaint (Doc. 1, pp. 7-21), exhibits (Doc. 1 pp. 22-116), and Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3), include the following allegations:[1] Plaintiff suffers from ulcerative colitis and a hernia. (Doc. 1, pp. 8, 9). On March 13, 2019, he was seen by Dr. Myers for pain caused by the hernia. *Id.* at p. 35. Dr. Myers informed him that, although he is in pain, Plaintiff will not be approved for surgery because his hernia is reducible and surgery is usually only approved when a hernia can no longer be pushed back in. *Id.* at p. 34. Plaintiff was prescribed a hernia belt, but because the hernia belt is too small, he is unable to use it. *Id.* at pp. 8, 36. Other than the belt, he has not received any other treatment for the hernia, and he has been in severe pain.

To treat his ulcerative colitis, Plaintiff is to receive an injection of Humira every two weeks. (Doc. 1, p. 25, 48). At an appointment with a gastroenterologist on March 26, 2019, he was told that if he does not receive the injection every fourteen days, his body would become immune to the medication. *Id.* at pp. 26, 48. Since arriving at Pinckneyville in November 2018, he has not been receiving these injections in a consistent manner. At times he has received injections a few

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint, attached exhibits, and Motion for Temporary Restraining Order and Preliminary Injunction in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarasse,* 886 F.3d 639, 644 (7th Cir. 2018) (The Supreme Court "cautioned that any "document filed *pro se* is to be liberally construed," *pro se* litigants are granted "leniency…on procedural matters." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lovelace v. Dall,* 820 F.2d 223, 228 (7th Cir. 1987)); *see also Williamson v. Curran*, 714 F.3d 432, 435-36 (7th Cir. 2013) ("when a plaintiff attaches to the complaint a document that qualifies as a written instrument, and her complaint references and relies upon that document in asserting her claim, the contents of that document become part of the complaint…") (referencing FED. R. CIV. P. 10(c)).

2

days apart, and in one instance he was given two injections at the one appointment.[2] *Id.* at p. 82. According to Plaintiff, when the injections are administered as prescribed, he does not have any problems, but because of the inconsistency in receiving his medication, he has stomach pains and a sudden increase in symptoms, including bleeding. *Id.* at pp. 8, 29-30. Plaintiff claims that prior to Pinckneyville he has been incarcerated at two other institutions where he did not have problems receiving his medication at the proper times. *Id.* at p. 66. Despite filing numerous grievances, the nursing staff continue to mismanage the dispensing of his medication. When he tells the nursing staff that it is not time for his medication, nursing staff informs him that he can refuse the injection by signing a refusal form, but he does not want to refuse the medication. *Id.* at p. 66.

In May 2019, Plaintiff was sexually assaulted by Dr. Myers during an unnecessary procedure that Plaintiff had stated he did not want performed. *Id.* at p. 89. Plaintiff alleges that his gastroenterologist recommended the testing of a stool sample to see if his colitis had advanced. Instead of taking a sample, Dr. Myers forced Plaintiff down and inserted his finger into Plaintiff's anus while making grunting sounds and laughing. *Id.* at p. 90. Plaintiff filed a Prison Rape Elimination Act ("PREA") report and had an interview with Lieutenant Frank, but the matter was prematurely closed with the finding that Dr. Myers was conducting an optional medical procedure. *Id.* at p. 91. Despite his objections and requests to been seen by another health care provider, Plaintiff is still being treated by Dr. Myers and, on a few occasions, the appointments were unsupervised. (Doc. 1, pp. 73, 75, 85; Doc. 3, p. 3). Health Care Unit Coordinator Brown has told Plaintiff that he does not have a choice, either he sees Dr. Myers or no one. *Id.* at p. 93.

---

[2] Specifically, he states has received injections on April 14, 2019, April 19, 2019, April 28, 2019, May 3, 2019, May 5, 2019, June 14, 2019, June 16, 2019, June 19, 2019, July 2, 2019, July 16, 2019. (Doc. 1, pp. 26, 27, 63, 65, 77, 82).

## PRELIMINARY DISMISSALS

As an initial matter, the Court notes that Plaintiff makes general allegations in the Complaint that because of Defendants' supervisory function they had responsibility over "medical staff to ensure proper medical treatment was given in a proficient manner," *Id.* at p. 17, and that because Defendants had the power to "correct these conditions[, they] willfully, deliberately, showed a reckless, disregard…making Defendants (liable)." *Id.* at p. 15. A defendant cannot be held liable, however, merely because he or she is an administrator or supervisor. *Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). "[T]o be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 806, 810 (7 Cir. 2005). And so, to the extent Plaintiff is attempting to hold Defendants liable solely because they are in supervisory positions, these claims are dismissed with prejudice.

Plaintiff also alleges that Illinois State criminal statute 720 ILCS 5/12-13 has been violated by Defendants' conduct and asks the Court to report the alleged criminal offense committed by Dr. Myers to the Illinois State Police. (Doc. 1, p. 12; Doc. 3, p. 5). Criminal violations cannot be charged by private citizens, and neither can a private citizen initiate criminal prosecutions in federal court. Accordingly, all of the claims alleging violations of Illinois's criminal statutes will be dismissed. *See Turner v. Publishers Clearing House Executives,* 39 F. App'x 446, 447 (7th Cir. 2002).

Finally, Plaintiff states that he is suing Defendants in their individual and official capacities. (Doc. 1, p. 10). State officials named in their official capacities may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, the official capacity claims directed against these individuals will be dismissed with prejudice. Warden Thompson will remain

in the case, in his official capacity only, to address any injunctive relief that might be ordered.

## DISCUSSION

Based on the allegations in the Complaint, the Court finds it convenient to delineate the claims in this case into the following three Counts:

**Count 1:** Eighth Amendment claim against Dr. Myers for deliberate indifference to Plaintiff's serious medical needs regarding his hernia.

**Count 2:** Eighth Amendment claim against Dr. Myers for cruel and unusually punishment by sexually assaulting Plaintiff during a medical appointment.

**Count 3:** First Amendment claim against Dr. Myers for sexually assaulting Plaintiff in retaliation for Plaintiff complaining about the incorrect administration of his medication.

**Count 4:** Fourteenth Amendment claim against Thompson, Hale, Mercier, Lieutenant Frank, and Dr. Lane for violating his due process rights by not conducting the sexual assault investigation in accordance with an administrative order, the Prison Rape Elimination Act ("PREA"), and prison grievance procedures.

**Count 5:** Eighth Amendment and PREA claim against Warden Thompson, Lieutenant Frank, Brown, Hale, Mercier, and Dr. Lane for failing to protect Plaintiff from the risk of another sexual assault by Dr. Myers.

**Count 6:** Eighth Amendment claim against Dr. Myers, Health Care Administrative Unit, nursing staff, and Christine Brown for deliberate indifference to Plaintiff's serious medical needs regarding treatment of his ulcerative colitis.

**Count 7:** Fourteenth Amendment claim against Warden Thompson, Mercier, Hale, and Brown for the mishandling of Plaintiff's grievances regarding his medical treatment.

**Count 8:** First Amendment retaliation claim against Warden Thompson, Dr. Myers, Brown, Lieutenant Frank, Dr. Lane, Mercier, and Hale.

**Count 9:** Eight Amendment claim of falsification of medical records by Brown and nursing staff.

**Count 10:** Conspiracy claim against Warden Thompson, Dr. Myers, Brown,

> Lieutenant Frank, Mercier, Hale, and Dr. Lane for failing to fully investigate and attempting to cover the alleged sexual assault against Plaintiff.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

### Count 1

The Seventh Circuit Court of Appeals recognizes hernias as a serious medical condition for Eighth Amendment purposes, *see, e.g., Heard v. Tilden*, 809 F.3d 974 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011), and Plaintiff alleges that Dr. Myers exhibited deliberate indifference to that condition. Specifically, other than receiving an unusable hernia belt, Plaintiff claims that Dr. Myers has denied him treatment. (Doc. 1, p. 8). These allegations are sufficient to allow Count 1 to proceed. *See e.g., Farmer v. Brennan*, 511 U.S. 825 (1994); *Perez v. Fenoglio,* 792 F.3d 768 (7th Cir. 2015).

### Count 2

"An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the 'force' exerted by the assailant is significant." *Washington v. Hively,* 695 F.3d 641, 643 (7th Cir. 2012) (citations omitted). If Dr. Myers took advantage of his position as a doctor to sexually

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face"). This includes claims against individuals not listed in the case caption. Plaintiff has alleged claims against several individuals and entities in his pleadings that are not listed as defendants in the case caption. The Court will not treat parties not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Additionally, Plaintiff's claim that his equal protection rights have been violated are also dismissed as he has failed to associate this claim with a specific defendant or include supporting factual details. (*See* Doc. 3, p. 5).

abuse Plaintiff, then Dr. Myers's conduct would violate the Eighth Amendment. Plaintiff alleges that Dr. Myers violated his constitutional rights by touching him without consent for an unnecessary medical procedure, while making grunting sounds and laughing. Therefore, Count 2 will proceed against Dr. Myers.

### Count 3

Prison officials may not retaliate against inmates for filing grievances, exercising First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a claim for retaliation, "a plaintiff must allege only enough to put the defendants on notice and enable them to respond." *McElroy v. Lopac,* 403 F.3d 855, 858 (7th Cir. 2005).

Plaintiff alleges that he was sexually assaulted by Dr. Myers in retaliation for complaining about his medication being dispensed incorrectly. (Doc. 1, pp. 7, 89). These allegations are sufficient to state a retaliation claim at screening and Count 3 will proceed.

### Count 4

Plaintiff claims that his due process rights were violated when prison employees did not follow proper procedures in the investigation of the alleged sexual assault by Dr. Myers. (Doc. 1, p. 91). He claims that the prison administration has covered up the assault and that, although PREA Coordinator, Dr. Lane, has told him that the investigation was ongoing, Lieutenant Frank, Internal Affairs Officer, has said there was no investigation. *Id.* at 91. He generally alleges that Warden Thompson and Grievance Officers Mercier and Hale have also violated his due process by denying proper grievance procedures. *Id.* at 88.

With respect to Defendants' alleged failure to properly investigate Plaintiff's allegations of assault through the prison administrative grievance process, "a state's inmate grievance

procedures do not give rise to a liberty interest protected by the due process clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). In fact, the Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982). Prison officials thus incur no liability under Section 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because "inmates do not have a due process right to have their claims investigated at all," Plaintiff does not state an adequate due process claim for failure to investigate his alleged assault. *See Wilkins v. Ill. Dep't of Corr.* Case No. 8-cv-732-JPG (S.D. Ill. July 1, 2009).

With respect to Defendants' alleged failure to follow the PREA Mandate to fully investigate the allegations of sexual assault, it is true that prison officials have a duty under the Constitution to protect prisoners from sexual assault, *Farmer v. Brennan,* 511 U.S. 825 (1994); however, the Constitution does not require officials to investigate or otherwise correct wrongdoing after it has happened. *Whitlock v. Brueggemann,* 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "Further, PREA does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements." *Garness v. Wis. Dep't of Corr.*, Case No. 15-cv-787-BB (W.D. Wis. Feb. 3, 2016) (citing *Ross v. Gossett*, Case No. 15-CV-309-SMY-PMF (S.D. Ill. Jan. 28, 2016)). *See also J.K.J. v. Polk Cty.,* Case No. 15-cv-428-WMC (W.D. Wis. Jan. 3, 2017) ("[T]here is no private right of action under the PREA."). Count 4 shall be dismissed with prejudice

**Count 5**

"In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope*

*v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). If a prison official is aware of a substantial risk that a prisoner will be assaulted and fails to take reasonable protective measures, he may be liable for his inaction. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The Seventh Circuit has equated "substantial risk" to "risks so great that they are almost certain to materialize if nothing is done." *Brown v. Budz,* 398 F.3d 904, 911 (7th Cir. 2005).

Plaintiff alleges the Dr. Lane repeatedly told him that he would no long be treated by Dr. Myers following the sexual assault and that after reporting the sexual assault, Lieutenant Frank told Plaintiff that "he was involved now." *Id.* at p. 73-74, 75, 82. Plaintiff also claims that Health Care Unit Administrator Brown told him that he either sees Dr. Myers or no one for medical treatment. *Id.* at p. 93. Because Plaintiff had allegedly already been sexually assaulted by Dr. Myers, there is a colorable argument that continuing to be treated by him is substantial risk to Plaintiff's health and safety. Thus, Plaintiff has claimed enough to proceed with his claim of failure to protect from further assaults against Dr. Lane, Lieutenant Frank, and Brown.

Plaintiff will not be able to proceed with his failure to protect claim against Warden Thompson or Grievance Officers Mercier and Hale. Plaintiff gives only a conclusory statement that Thompson, Mercier, and Hale have failed to protect him, but provides no additional supporting details, and so Count 5 will be dismissed as to these defendants. (*See* Doc. 1, p. 81).

Finally, a previously mentioned in Count 4, Plaintiff doe not have the right to sue an official for failure to comply with PREA and so allegations that Defendants have failed to protect him in violation of PREA will also be dismissed.

**Count 6**

The Eighth Amendment has been held to prohibit deliberate indifference to a prisoner's serious medical need. To state a claim for deliberate indifference to a serious medical need, an

9

inmate must show (1) that he suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter,* 836 F.3d 722, 727 (7th Cir. 2016).

Count 6 may proceed against Health Care Unit Administrator Brown to the extent that Plaintiff is alleging that she "turned a blind eye" to his complaints about unconstitutional medical care. *See Perez v. Fenoglio,* 792 F.3d 768, 781-82 (7th Cir. 2015). Plaintiff alleges that he wrote Brown concerning the dispensing of his medication and never received a response and that she "is aware of the issue." (Doc. 1, p. 64, 66). Although sparse, Plaintiff's allegations are sufficient at this state to state a claim for deliberate indifference against Brown in light of the *Perez* case in which the Seventh Circuit found that a plaintiff alleging defendants obtained actual knowledge of the plaintiff's serious medical condition and inadequate medical care through various correspondence and who failed to intervene or rectify the situation state an Eighth Amendment claim. *Id.* at 782.

Plaintiff also claims that in July 2019 a nurse informed him that Dr. Myers wrote in his chart that he is to receive 80 mg of Humira, rather than 40 mg as prescribed by his specialist, even though no one had discussed any changes in his scheduled injections with him. (Doc. 1, p. 82). He states that Dr. Myers has mismanaged his medical care and that the alleged sexual assault was in retaliation for Plaintiff complaining about receiving his injections at the wrong times. *Id.* at p. 88. These allegations are enough to proceed with deliberate indifference against Dr. Myers.

Plaintiff allegations against the Health Care Unit and nursing staff must also be dismissed. Plaintiff claims that the Health Care Unit and nursing staff at Pinckneyville have been deliberately indifferent in the mismanagement of his medication, which has resulted in the worsening of his ulcerative colitis. Plaintiff cannot, however, proceed with his claim of deliberate indifference

against either the Healthcare Unit or the nursing staff at Pinckneyville. Not only are they not listed in the case caption as defendants, *see Myles,* 416 F. 3d at 551-52, but they are not proper defendants since Section 1983 creates a cause of action for damages based on personal liability. To be held liable, a defendant must be personally involved or participate in the alleged constitutional violation. *Starzenski v. City of Elkhart,* 87 F.3d 872, 879 (7th Cir. 1996). Therefore, Count 6 is dismissed as to the Healthcare Unit and nursing staff at Pinckneyville.

**Count 7**

Plaintiff claims that Warden Thompson has violated his Fourteenth Amendment rights by designating his emergency grievances as non-emergencies (Doc. 1, p. 13). Additionally, he claims that Grievance Officers Mercier and Hale violated his due process rights by mishandling and failing to properly address his grievances and allowing Brown to lie in the grievance responses. *Id.* at pp. 55, 82, 85. However, as previously discussed, a prisoner does not have any due process liberty interest in any grievance procedure and so Count 7 is dismissed. *See Grieveson v. Anderson,* 538 F.3d 763 (7th Cir. 2008)(citing *Antonelli v. Sheahan,* 81 F. 3d 1422, 1430 (7th Cir. 1996).

**Count 8**

Plaintiff makes several claims in the Complaint and attached grievances that Defendants and employees at Pinckneyville have retaliated against him. Specifically, Defendants have turned away visitors, denied him the opportunity to have a job assignment, failed to treat him in the appropriate time frame, and changed his medication. (Doc. 1, pp. 10, 88, 15, 91; Doc. 3, p. 2). Count 8 is dismissed, however, because he has failed to associate sufficient facts to support these allegations and only states conclusory assertions. *See Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2); *Palda v. General Dynamic Corp.,* 47 F.3d 872, 875 (7th Cir. 1995); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971 (7th Cir. 1999).

## Count 9

Plaintiff claims that nursing staff and Brown have falsified his medical records by incorrectly stating that he denied a medical furlough and changing dates in which he has received his medication. (Doc. 1, p. 9, 10, 91; Doc. 3, p. 2). It is at least arguable that falsifying Plaintiff's medical records implicates his Eighth Amendment rights because the deliberate inaccuracies may prevent him from receiving adequate medical care. *Wilkins v. Ill. Dep't of Corr.,* Case No. 8-cv-732-JPF (S.D. Ill., July 1, 2009)(citations omitted). Therefore, Count 9 will proceed at this time as against Brown, but will dismissed against nursing staff for reasons previously stated.

## Count 10

Civil conspiracy claims are cognizable under Section 1983. *Beaman v. Freesmeyer,* 776 F.3d 500, 510 (7th Cir. 2015). A plaintiff must show that the defendants reached an agreement to deprive him of his constitutional rights, and overt acts taken in furtherance of the same actually deprived him of those rights. *Id.* (citation omitted). But like all other claims, a civil conspiracy claim requires some factual underpinning. For this claim Plaintiff, again, relies on vague assertions and legal conclusions in support of this claim. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). He claims that Defendants are "acting in concert to a conspiracy" and have "engaged in a scheme and conspiracy designed and intended to deny and deprive plaintiff of liberty interest protected (under the 5th and 14th amendments to the constitution," (Doc. 1, p. 10, 11; Doc. 3, p. 5), and that Lieutenant Frank conspired to conceal the alleged sexual assault in violation of Illinois criminal statute ILCS 720/5/12-13. Doc. 1. at p. 12. Count 10 shall therefore be dismissed without prejudice against all defendants for failure to state a claim.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

As previously noted, Plaintiff has filed a Motion for a Temporary Restraining Order ("TRO") and/or Preliminary Injunction, asking the Court to transfer him from Pinckneyville to an institution where he will be safe and receive adequate medical treatment. (Doc. 3, p. 2).

There are significant differences between a TRO and a preliminary injunction. A TRO can be issued without notice to the party to be enjoined, but it may last no more than fourteen days. FED. R. CIV. P. 65(b)(2). Further, a TRO may be issued without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

The Court deems it necessary to deny Plaintiff's request for a TRO. It would not be appropriate, given the information presented, to enter an order for an immediate transfer to a different correctional center, without providing notice to Defendants and giving them an opportunity to respond. Accordingly, the TRO is **DENIED** without prejudice.

Plaintiff also seeks a preliminary injunction. In contrast to a TRO, a preliminary injunction is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *see also Korte v. Sebelius,* 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar,* 196 F.3d 809, 813 (7th Cir. 1999).

The Court finds that Plaintiff's request for preliminary injunctive relief warrants prompt consideration. Accordingly, the Court will resolve the request as soon as practicable and **DEFERS** ruling on Plaintiff's motion. A hearing on the request for preliminary injunction and an order directing Defendants to respond to the motion will be addressed in a separate order.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff has also filed a Motion to Proceed *in forma pauperis* ("IFP") (Doc. 2). That motion shall be addressed in a separate order.

### DISPOSITION

**IT IS ORDERED** that the **Complaint** (Doc. 1) survives preliminary review pursuant to 28 U.S.C. § 1915A. **COUNTS 1, 2,** and **3** will proceed against **MYERS**.

**IT IS FURTHER ORDERD** that **COUNT 5** will proceed against **LANE, FRANK**, and **BROWN**. Defendants **THOMPSON, HALE,** and **MERICER** are dismissed from **COUNT 5** without prejudice.

**IT IS FURTHER ORDERED** that **COUNT 6** will proceed against **BROWN** and **MYERS.**

**IT IS FURTHER ORDERED** that **COUNT 9** will proceed against **BROWN**.

**IT IS FURTHER ORDERED** that **COUNTS 4, 7, 8,** and **10** are **DISMISSED without prejudice** for failure to state a claim. Because there are no further claims against Defendants **HALE** and **MERCIER,** they shall be **DISMISSED** without prejudice from the Complaint. The Clerk of Court is **DIRECTED** to terminate these individuals from the Court's Case Management/Electronic Case Filing ("CM/ECF") system. **WARDEN THOMPSON** shall remain a defendant in his official capacity only for the purposes of implementing any injunctive relief that is requested.

**IT IS FURTHER ORDERED** that Plaintiff's request for a Temporary Restraining Order

is **DENIED without prejudice**, but Plaintiff's request for Preliminary Injunction is **DEFERRED**.

**IT IS ORDERED** that the Clerk of Court shall prepare for **MYERS, LANE, FRANK, BROWN,** and **THOMPSON** (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 3), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**Pursuant to Administrative Order No. 244, Defendants need only respond to the**

**issues stated in this Merit Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his *in forma pauperis* application is granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 20, 2019**

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**