IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-892-RJD |
| | ) | |
| CHRISTOPHER SCOTT THOMPSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Doc. 42). Defendants filed a response indicating they do not contend the motion is untimely, but request that the Court conduct a preliminary merit review of the amended complaint under 28 U.S.C. § 1915A. Plaintiff's Motion is **GRANTED**.

Plaintiff filed this action on August 15, 2019, alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center. Plaintiff alleges he received inadequate medical care for his ulcerative colitis and hernia. Plaintiff also alleges he was sexually assaulted by Pinckneyville Medical Director Dr. Myers, and continued to be treated by Dr. Myers, over Plaintiff's objections. Plaintiff is currently proceeding in this action on the following claims (as enumerated in the Court's threshold review order at Doc. 5):

Count One: Eighth Amendment claim against Dr. Myers for deliberate indifference to Plaintiff's serious medical needs regarding his hernia.

Count Two: Eighth Amendment claim against Dr. Myers for cruel and unusual punishment by sexually assaulting Plaintiff during a medical appointment.

Count Three: First Amendment claim against Dr. Myers for sexually assaulting Plaintiff in retaliation for Plaintiff complaining about the incorrect administration of

> his medication.

> Count Five: Eighth Amendment claim against Lt. Frank, Brown, and Dr. Lane for failing to protect Plaintiff from the risk of another sexual assault by Dr. Myers.

> Count Six: Eighth Amendment claim against Dr. Myers and Christine Brown for deliberate indifference to Plaintiff's serious medical needs regarding treatment for his ulcerative colitis.

> Count Nine: Eighth Amendment claim of falsification of medical records by Brown.

In his motion to amend, Plaintiff explains that at the time of his initial filing, incidents and events were continuing, and exhaustion was not yet complete. Plaintiff indicates he seeks to add new defendants under the theory that they violated his due process and equal protection rights under the Eighth and Fourteenth Amendments. Plaintiff also asserts these individuals subjected him to deliberate indifference to his serious medical needs and retaliation after filing his original complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is

undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

After a review of the proposed amended complaint, the Court finds Plaintiff has stated the following claims, and that such claims are neither futile nor unduly delayed or prejudicial[1].

Count One: Eighth Amendment claim against Dr. Myers for deliberate indifference to Plaintiff's serious medical needs regarding his hernia.

Count Two: Eighth Amendment claim against Dr. Myers for cruel and unusual punishment by sexually assaulting Plaintiff during a medical appointment.

Count Three: First Amendment claim against Dr. Myers for sexually assaulting Plaintiff in retaliation for Plaintiff complaining about his medical treatment and filing grievances concerning the same.

Count Four: Eighth Amendment claim against Lt. Frank, Brown, Dr. Lane, and Dr. Reddling for failing to protect Plaintiff from the risk of another sexual assault by Dr. Myers.

Count Five: Eighth Amendment claim against Dr. Myers, Christine Brown, K. Blaise, Kelley, Mileur, Rueter, Danny, and Nurse Jane Doe(s) for deliberate indifference to Plaintiff's serious medical needs regarding treatment for his ulcerative colitis.

Count Six: Eighth Amendment claim of falsification of medical records by Brown.

Count Seven: Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for implementing policies that caused him to receive inadequate medical treatment for his hernia.

Count Eight: First Amendment retaliation claim against Lt. Frank and Warden Thompson for raising Plaintiff's security risk and effecting a disciplinary transfer for Plaintiff due to his filing of grievances and a PREA complaint.

Count Nine: Eighth Amendment deliberate indifference claim against Officer Jakowski for denying Plaintiff's request for medical attention in June 2019.

The Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as the First Amended Complaint. Plaintiff will proceed in this action on the claims enumerated above.

---

[1] The Court has also renumbered the original counts for clarification.

The Clerk of Court shall prepare for Defendants Bryan T. Kelley, Laura Mileur, K. Blaise, Jana D. Rueter, Wexford, Inc., Dr. Randy Reddling, Nurse Danny, Mr. Jakowski, and Christine S. Thompson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: March 11, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**