IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANDRE DAVIS,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )          Case No.    19-cv-892-RJD
                                        )
CHISTOPHER SCOTT THOMPSON, et al.,      )
                                        )
    Defendants.                         )

## ORDER

**DALY, Magistrate Judge:**

    This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. Percy Myers (Doc. 84).   For the reasons set forth below, the Motion is **DENIED**.

## Background

    Plaintiff filed this action on August 15, 2019, alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center.   Plaintiff alleges he received inadequate medical care for his ulcerative colitis and hernia.   Plaintiff also alleges he was sexually assaulted by Pinckneyville Medical Director Dr. Myers, and continued to be treated by Dr. Myers, over Plaintiff's objections.   Following the filing of his Amended Complaint, Plaintiff is currently proceeding in this action on the following claims:

    Count One:    Eighth Amendment claim against Dr. Myers for deliberate indifference to Plaintiff's serious medical needs regarding his hernia.

    Count Two:    Eighth Amendment claim against Dr. Myers for cruel and unusual punishment by sexually assaulting Plaintiff during a medical appointment.

    Count Three:  First Amendment claim against Dr. Myers for sexually assaulting Plaintiff in retaliation for Plaintiff complaining about his medical treatment and

Page **1** of **10**

filing grievances concerning the same.

Count Four:    Eighth Amendment claim against Lt. Frank, Brown, Dr. Lane, and Dr. Reddling for failing to protect Plaintiff from the risk of another sexual assault by Dr. Myers.

Count Five:    Eighth Amendment claim against Dr. Myers, Christine Brown, K. Blaise, Kelley, Mileur, Rueter, Danny, and Nurse Jane Doe(s) for deliberate indifference to Plaintiff's serious medical needs regarding treatment for his ulcerative colitis.

Count Six:     Eighth Amendment claim of falsification of medical records by Brown.

Count Seven:   Eighth Amendment deliberate indifference claim against Wexford Health Sources, Inc. for implementing policies that caused him to receive inadequate medical treatment for his hernia.

Count Eight:   First Amendment retaliation claim against Lt. Frank and Warden Thompson for raising Plaintiff's security risk and effecting a disciplinary transfer for Plaintiff due to his filing of grievances and a PREA complaint.

Count Nine:    Eighth Amendment deliberate indifference claim against Officer Jakowski for denying Plaintiff's request for medical attention in June 2019.

This matter is now before the Court on Defendant Dr. Percy Myers' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 84).   Dr. Myers argues Plaintiff failed to exhaust Counts Two and Three against him, related to his alleged sexual assault of Plaintiff.   In support of his motion, Dr. Myers contends Plaintiff never fully exhausted any grievance related to the conduct at issue in Counts Two and Three prior to filing this lawsuit on August 15, 2019.

The Court has reviewed the grievances in the record and finds the following grievances are relevant to the issue now before the Court:

1. **May 19, 2019 Emergency Grievance (Doc. 85-1 at 23-24):**   In this grievance, Plaintiff writes that he saw Dr. Myers on May 16, 2019 and complained about the administration of his medication.   Dr. Myers subsequently inserted his fingers in

Plaintiff's anus, and Plaintiff writes that this action was sexually motivated, demeaning, humiliating, and served no purpose.   This grievance was deemed to be an emergency by the warden on May 23, 2019.   The Grievance Officer received this grievance on May 22, 2019, and recommended that it be denied on September 11, 2019 (the Grievance Officer combined this grievance response to a later filed grievance, dated June 12, 2019) (*Id.* at 19-20).   The warden concurred on September 16, 2019. Plaintiff appealed the decision to the Administrative Review Board ("ARB"), which denied the grievance on October 1, 2019 (*Id.* at 18).   The IDOC Director concurred on October 2, 2019.

2.  **June 12, 2019 Emergency Grievance (Doc. 85-1 at 21-22):**   Relevant to the issue before the Court, this grievance includes a complaint that Plaintiff was sexually assaulted by Dr. Myers in an attempt to cover-up an issue with his medication.   This grievance was deemed an emergency by the warden on June 17, 2019, and was denied, along with Plaintiff's May 19, 2019 grievance, by the Grievance Officer on September 11, 2019.   Again, along with the May 19, 2019 grievance, this grievance was denied by the ARB on October 1, 2019, with the IDOC Director concurring on October 2, 2019.

3.  **June 22, 2019 Emergency Grievance (Doc. 85-1 at 30-31):**   In this grievance, Plaintiff indicates he filed a PREA report against Dr. Myers on May 16, 2019 for sexual assault that is under an ongoing investigation.   Plaintiff complains that despite the ongoing investigation, he was made to see Dr. Myers without supervision on June 19, 2019.   The warden found an emergency was not substantiated on June 25, 2019.   The counselor responded on July 25, 2019.   The Grievance Officer returned this grievance

on September 6, 2019, indicating that the issue had already been addressed with regard to grievance #2341-07-19 (*Id.* at 29).   The ARB received this grievance on September 18, 2019, and returned it without a decision on the merits because it had already addressed the issue with regard to grievance #2341-07-19 (*Id.* at 28).

4. **July 16, 2019 Emergency Grievance (Doc. 85-1 at 52-53):**   Plaintiff complains about the improper administration of medication and sexual assault by Dr. Myers in this grievance.   The warden determined an emergency was substantiated and expedited the grievance for consideration.   The Grievance Officer recommended that the grievance be denied on July 25, 2019, and the warden concurred on July 29, 2019 (*Id.* at 51).   The ARB denied the grievance on August 23, 2019 (along with three other grievances dated June 12, 2019, June 22, 2019, and July 24, 2019) (*Id.* at 47).

5. **July 24, 2019 Emergency Grievance (Doc. 85-1 at 58-59):**   Plaintiff complains that he was made to see Dr. Myers on July 23, 2019, despite notifying personnel he had been sexually assaulted by Dr. Myers.   The warden determined an emergency was substantiated and expedited review of this grievance.   The Grievance Officer recommended that this grievance be denied on August 2, 2019, and the warden concurred on August 9, 2019 (*Id.* at 57).   The ARB denied the grievance on August 23, 2019 (along with three other grievances dated June 12, 2019, June 22, 2019, and July 16, 2019) (*Id.* at 47).

6. **August 14, 2019 Emergency Grievance (Doc. 85-1 at 36-39):**   In this grievance, Plaintiff complains that the prison administration is trying to cover-up an assault by Dr. Myers that occurred on May 16, 2019.   The warden determined an emergency was not substantiated on August 16, 2019, and Plaintiff was directed to submit his grievance in

the normal manner.  The ARB received this grievance on August 30, 2019, and returned it without a decision on the merits because it had already addressed the matter on August 23, 2019 with grievance #2341-07-19 (*Id.* at 32).

The Court notes there are other grievances in the record that concern the alleged sexual assault and treatment by Dr. Myers, these grievances are dated September 5, 2019 (Doc. 85-1 at 26-27) and September 26, 2019 (Doc. 85-1 at 12-14), but the Court will not discuss them further because they were filed and dated *after* Plaintiff initiated this lawsuit.

In response to Defendant's motion, Plaintiff seems to focus on his May 19, 2019 grievance, complaining that the timeframe in which he received the Grievance Officer's response was unduly delayed and thwarted his efforts to properly exhaust.   Plaintiff relies on Administrative Directive 04.01.114, which provides that emergency grievances alleging a substantial risk of imminent sexual abuse be provided an initial response within 48 hours, and a final decision in five calendar days (*see* Doc. 90 at 14).   Plaintiff also complains that the Grievance Officer failed to provide a decision within 60 days, as required by the Illinois Administrative Code.

Defendant Dr. Myers replied to Plaintiff's response, arguing that the Administrative Directive relied on by Plaintiff is not applicable to the grievance at issue because he was not in, or complaining of, imminent sexual abuse.  Defendant further argues that Section (B)(6)(c) of Administrative Directive 04.01.114 is operative, and, under that provision, a final decision on the merits was not due until 90 days of the initial filing.   Defendant notes that this Section includes a provision indicating that if a response is not received within the allotted timeframe at any level of the grievance process, the offender may consider the absence of a response to be a denial at that level.  Thus, Defendant argues Plaintiff could have considered the lack of a response by the Grievance Officer by August 17, 2019 to be a denial and he could have appealed then to the ARB.

Defendant asserts Plaintiff erred in waiting until September 24, 2019 to appeal, having already filed his lawsuit on August 15, 2019.

## Legal Standards

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "[A] suit filed by a prisoner before

administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id.* §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by

responding directly to the offender.   *Id.*   Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility.   *Id.* at § 504.870.

## Discussion

Based on the arguments of the parties and evidence in the record, the Court finds Plaintiff exhausted Count Two and Three against Defendant Dr. Myers.   The pertinent grievance for this decision is Plaintiff's May 19, 2019 grievance.   As mentioned above, this grievance was deemed to be an emergency by the warden and was expedited for review by the Grievance Officer.   The Grievance Officer received this grievance on May 22, 2019, and recommended that it be denied on September 11, 2019.   The parties have set forth various provisions of the Illinois Administrative Code and Administrative Directives to support their respective arguments.   While the Court acknowledges this grievance would seem to be under the purview of Administrative Directive 04.01.114, it finds the Illinois Administrative Code is controlling.   *Dent v. Dennison*, 2018 WL 4302358, *3 (S.D. Ill. Sept. 10, 2018) ("The [Illinois Administrative] Code is whole and apart from simple administrative directives … and carries the force and effect of law.").

Pursuant to 20 ILCS 504.840, an emergency grievance is forwarded directly to the warden, who determines whether "there is a substantial risk of imminent personal injury or other serious or irreparable harm" to the inmate.   If there is such a risk, the grievance is handled on an emergency basis, and the warden is required to tell the inmate what action, if any, will be taken in response to the alleged danger.   20 ILCS 504.840(b).   In this instance, the warden timely addressed Plaintiff's May 19, 2019 grievance, finding an emergency was substantiated on May 23, 2019.   Per the warden's response, the grievance response was to be expedited.   The Administrative

Code, however, is not clear as to how quickly the Grievance Officer and Warden are to issue their decisions in regards to the merits of an emergency grievance.   Surely, Section 504.830's requirement that the Grievance Officer consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer within two months after receipt when reasonably feasible under the circumstances, must apply.   The Court further notes this timeline seems particularly lax when it is applied to grievances that have been deemed to be of an emergency nature.   In this instance, the Grievance Officer took 112 days, almost 4 months, to respond.   The Court acknowledges that Section 504.830 allows the Grievance Officer to respond to an inmate's grievance beyond a two-month period, but, under the circumstances presented here, the Court finds the Grievance Officer was unreasonably delayed in responding and, as such, thwarted Plaintiff's effort to exhaust.   Indeed, Defendant has not provided any explanation for the Grievance Officer's delay in responding to this grievance, and nothing in his brief suggests that a response was not "reasonably feasible" within two-months after receipt of the grievance on May 22, 2019.   The undersigned therefore concludes that Plaintiff gave the prison administration a reasonable opportunity to respond to his emergency grievance before filing his complaint on August 15, 2019.

Based on the above finding, the Court need not consider whether the other grievances in the record exhaust Plaintiff's claims against Dr. Myers in Counts Two and Three.

## <u>Conclusion</u>

Based on the foregoing, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. Percy Myers (Doc. 84) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 20, 2021**

Page **9** of **10**

_s/  Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**