IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DEANDRE DAVIS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 19-cv-892-RJD |
| PERCY MYERS, | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Deandre Davis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated by multiple individuals while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Following the Court's order on Defendants' summary judgment motions, this case proceeds to trial against Dr. Percy Myers on an Eighth Amendment claim for cruel and unusual punishment. Doc. 171. Plaintiff alleges that Dr. Myers sexually assaulted him during a medical appointment by performing a rectal exam on May 15, 2019. Dr. Myers is employed by Wexford Health Sources, Inc., a private company that contracts with the State of Illinois to provide healthcare to inmates.

The parties' motions in limine (Docs. 177, 178, 183 and 184) are currently pending before the Court. Evidence may be excluded in limine if the movant establishes "that the evidence is inadmissible on all potential grounds." *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020 (N.D. Ill. 2011). Rulings in limine may be reconsidered during trial "as the case unfolds" and "even if nothing unexpected happens at trial." *Id.*, quoting *Farfaras v. Citizens Bank &*

*Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006).

**Plaintiff's Motions in Limine**

    1. **Plaintiff's crimes**

Plaintiff asks the Court to bar evidence, argument, or remarks regarding his criminal history.  In a civil case, evidence of a witness's criminal conviction must be admitted for the purpose of attacking the witness's character for truthfulness if the conviction was punishable by death or imprisonment for more than one year.  Fed. R. Evid. 609(a)(1)(a).  However, the Court may exclude evidence of the conviction if "its probative value is substantially outweighed by a danger of…unfair prejudice." Fed. R. Evid. 403.

Of course, the jury will know that Plaintiff was incarcerated at Pinckneyville at the time of the events in question.  Defendant objects, contending that he should be allowed to impeach Plaintiff's credibility with evidence of a 2000 conviction for which Plaintiff is still serving time.  In §1983 cases involving conditions of confinement, the undersigned typically allows the jury to hear that the plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but does not allow the jury to hear about the particular crime.   Neither party has provided any justification to deviate from this typical practice.  Plaintiff's Motion in Limine No. 1 is GRANTED IN PART AND DENIED IN PART.  For purposes of impeachment, Defendants may introduce evidence that Plaintiff was convicted of a felony for which he was incarcerated at the time of the events in question, but may not introduce evidence of any specific crime(s) or the length of Plaintiff's sentence(s).

    2. **Reference to Plaintiff's continued incarceration**

Plaintiff argues that he would be unfairly prejudiced by evidence that he is still incarcerated.   Defendant contends that "testimony that Plaintiff eventually transferred from

Pinckneyville Correctional Center to Lawrence Correctional Center will likely be referenced by all witnesses" and that Plaintiff will be accompanied by prison guards at trial. These arguments do not address whether evidence that Plaintiff is still incarcerated at the time of trial is *relevant*. Considering that the events in question occurred in 2019, nothing in the record suggests that evidence or testimony regarding Plaintiff's continued, current incarceration in 2024 is relevant. Consequently, Plaintiff's Motion in Limine No. 2 is GRANTED. While the undersigned will defer to the courtroom security officers, the U.S. Marshals Service, and the Illinois Department of Corrections regarding necessary restraints and protocol for accompanying Plaintiff during trial, witnesses and attorneys shall not refer to Plaintiff's current status as an inmate within the IDOC.

**3.  The security level at Pinckneyville or Lawrence Correctional Center**

Defendant has no objection, but notes that several of Plaintiff's proposed exhibits at trial refer to the security level at Pinckneyville and/or Lawrence Correctional Center. Plaintiff's Motion in Limine No. 3 is GRANTED, but Plaintiff's counsel is cautioned that inadvertent disclosure of the security levels at Pinckneyville or Lawrence may lead to reconsideration of this ruling.

**4.  Plaintiff's prior arrests.**

Defendant has no objection. Plaintiff's Motion in Limine No. 4 is GRANTED.

**5.  Plaintiff's prison disciplinary history**

Defendant has no objection, but notes that some of Plaintiff's mental health records reference instances where he was in segregation. Defendant agrees to redact those references. Plaintiff's Motion in Limine No. 5 is GRANTED.

**6.  Plaintiff's aggressive behavior, fighting, and/or bad acts**

Defendant has no objection.  Plaintiff's Motion in Limine No. 6 is GRANTED.

7. **Plaintiff's "mental health records that are not related to the [alleged] sexual assault"**

Defendant agrees that Plaintiff's mental health records prior to the alleged assault are likely not relevant, and does not intend to introduce them (unless Plaintiff opens the door). Defendant contends that Plaintiff's mental health records after the alleged assault are relevant because Plaintiff is seeking damages for emotional distress.  Plaintiff's Motion in Limine No. 7 is taken under advisement.

8. **Plaintiff's "unrelated grievances and lawsuits"**

Defendant has no objection.  Plaintiff's Motion in Limine No. 4 is GRANTED

9. **Plaintiff's "medical records and medical history other than those related to …. [the alleged] assault…and ulcerative colitis and hernia"**

Defendant has no objection.  Plaintiff's Motion in Limine No. 9 is GRANTED.

10. **Defendant or his attorney's reference to Plaintiff as "an inmate" or "offender" or "the prisoner"**

Defendant states that he has no objection to referring to Plaintiff as "Mr. Davis" during opening and closing arguments.  Defendant notes, however, that in some of Plaintiff's medical records he is referred to as "inmate" or "individual in custody."  The Court has already granted Plaintiff's motion in limine No. 2, prohibiting references to Plaintiff's continued, current incarceration.  However, the Court declines to enter an order in limine prohibiting all witnesses and evidence that refer to Plaintiff as an "inmate" or "offender."  Plaintiff *was* incarcerated at the time of the events in question, his incarceration is what gives rise to his Constitutional claim against Defendant, and it is impractical for the Court to order that no witnesses or evidence refer to Plaintiff as an inmate.  Plaintiff's Motion in Limine No. 10 is GRANTED to the extent that

counsel shall not refer to Plaintiff as "an inmate" or "prisoner" or "offender" during opening statements or closing arguments, but is OTHERWISE DENIED.

### 11. "To prevent shackling" Plaintiff during trial

Plaintiff asks that he be allowed to "appear for trial without mechanical restraints." Plaintiff's Motion in Limine No. 11 is GRANTED to the extent that the Court will attempt to prevent the jury from seeing any restraints on Plaintiff. If possible, the Court will not ask Plaintiff to move from the plaintiff's table in the presence of the jury. The Court will otherwise defer to the Illinois Department of Corrections, the U.S. Marshals Service, and courtroom security officers regarding necessary restraints.

### 12. To "appear in civilian clothes"

Plaintiff may appear in civilian clothes at trial. Plaintiff's Motion in Limine No. 12 is GRANTED.

### 13. To exclude non-party witnesses from the Courtroom during trial

### 14. Any reference to the financial impact of an adverse verdict on Defendant's career

### 15. Any reference or evidence of Defendant's ability to pay a verdict

### 16. Any reference to the jurors' interests as taxpayers

### 17. Any mention or reference to an individual's dismissal from this lawsuit

Defendant has no objection to Motions 13-17. Plaintiff's Motions in Limine Nos. 13-17 are GRANTED.

## Defendant's Motions in Limine

### 1. Insurance

Plaintiff does not intend to offer evidence of Defendant's insurance, and the Federal

Rules of Evidence prohibit him from doing so.  Defendant's Motion in Limine No. 2 is DENIED AS MOOT.

### 2. Medical treatment provided to other inmates

Plaintiff has no objection.  Defendant's Motion in Limine No. 2 is GRANTED.

### 3. Other lawsuits, grievances, investigations, incidents involving Defendant

Federal Rule of Evidence 404(b)(1), prohibits "evidence of any other crime, wrong, or act …to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Plaintiff notes that the Rule then clarifies that the "bad acts" evidence may be admissible for other purposes, and contends that here, he should be allowed to present evidence of other lawsuits and claims against Dr. Myers to show his "general pattern of behavior and disregard for inmates' rights."  This explanation of the purpose for which Plaintiff intends to admit evidence of Dr. Myers' other "bad acts" is *exactly* what Rule 404(b) prohibits. *U.S. v. Miller*, 673 F.3d 688, 699 (7th Cir. 2012).  Defendant's Motion in Limine No. 3 is GRANTED.

### 4. Statements made to Plaintiff by non-party medical providers

At the final pretrial conference, counsel for Defendant explained that Plaintiff testified at his deposition that "4-5 mental health providers all agreed I shouldn't see Dr. Myers" after the alleged sexual assault.  The Court agrees with Defendant that this testimony is inadmissible hearsay and GRANTS Defendant's Motion in Limine #4 regarding this particular statement. *See Bombard v. Ft. Wayne Newspapers, Inc.,* 92 F.3d 560, 563 (7th Cir. 1996).

### 5. Expert testimony by non-expert witnesses

Defendant anticipates that Plaintiff will attempt to offer testimony regarding whether the rectal exam in question was medically necessary.  Plaintiff did not disclose any experts to testify

at trial, and the question of whether a rectal exam was necessary considering Plaintiff's medical condition and symptoms cannot be answered by a layperson.  *See* Fed. R. Evid. 701.

Plaintiff's counsel argued that Plaintiff should be allowed to testify that the alleged assault made his "PTSD worse."  While Plaintiff may testify to his own experience and perception of his own symptoms, e.g., that he was more depressed after the alleged assault, more anxious, more fearful, etc., he may not testify regarding any medical diagnosis or that any diagnosed condition became worse because of the alleged incident.  *See id*.

Defendant's Motion in Limine NO. 5 is GRANTED.

6. **Medical or technical literature**

Plaintiff has not disclosed any medical or technical literature.  This motion is DENIED AS MOOT.

7. **Plaintiff's "grievances, Complaint, affidavits, letters, and other documents" regarding this lawsuit**

Generally, the Court is inclined to find that the hearsay rule prohibits Plaintiff from introducing his own statements within grievances, legal documents, and correspondence as evidence.  Moreover, the Court questions the relevancy of such documents to the alleged assault.  Regardless, without being directed to a particular grievance or correspondence, the Court cannot find that these documents are inadmissible for any purpose.  Defendant's Motion in Limine No. 7 is TAKEN UNDER ADVISEMENT.

8. **Settlement negotiations**

Plaintiff does not intend to offer evidence of settlement negotiations, and the Federal Rules of Evidence prohibit him from doing so.  Defendant's Motion in Limine No. 8 is DENIED AS MOOT.

### 9. Prison and/or Wexford Health Sources, Inc. protocols

Plaintiff lists multiple Wexford and IDOC protocols in his pretrial disclosures, e.g., IDOC employee criminal misconduct, medical guidelines, pharmacy guidelines, utilization management, etc. Plaintiff objects generally to Defendant's motion in limine, which contends that these documents are hearsay and irrelevant. However, Plaintiff provides no specific explanation for the relevancy of these documents, and the Court sees no plausible relevancy to the issues to be determined at trial: whether Dr. Myers sexually assaulted Plaintiff and Plaintiff's damages. Defendant's Motion in Limine No. 9 is GRANTED. If some evidence presented at trial makes these documents relevant, this ruling may be revisited.

### 10. Documents or evidence not disclosed during discovery

Nothing in the record suggests that Plaintiff intends to use evidence or documents not disclosed in discovery and therefore Motion No. 10 is DENIED AS MOOT.

### 11. Wexford Health Sources, Inc. is a "for-profit corporation" or is "big, evil, or bad"

Plaintiff objects to this Motion, contending that he should be allowed to present evidence that Wexford is a "for-profit" company. Whether Wexford is a for-profit entity has no relevancy to whether Dr. Myers sexually assaulted Plaintiff and therefore Defendant's Motion in Limine No. 11 is GRANTED.

### 12. Argument or implication that Defendant should have called an endorsed witness or is hiding evidence

Plaintiff does not intend to refer to Defendant's failure to call a disclosed witness, but objects to this motion to the extent it prohibits him from referencing Dr. Myers' failure to appear for trial (if Dr. Myers fails to appear for trial). A litigant's decision to not appear for trial carries consequences. *See Rainey v. Taylor*, 941 F.3d 243, 251 (7th Cir. 2019). Defendant's Motion is

GRANTED TO THE EXTENT that the parties shall not refer to or make argument regarding either party's failure to call a disclosed, non-party witness, nor argue that the other party is hiding evidence (as nothing in the record suggests either party is hiding evidence), but is OTHERWISE DENIED.

### 13. Defendant is responsible for actions or inactions of another individual

Plaintiff objects to this motion, contending that the "actions or inactions" of Dr. Myers' subordinates are relevant to Plaintiff's and Defendant's state of mind. This argument is not persuasive, as Plaintiff fails to explain how his own state of mind is relevant, and also how Dr. Myers' responsibility for other individuals would have affected Plaintiff's state of mind. Moreover, while Dr. Myers' state of mind in performing the rectal exam *is* relevant, nothing in the record suggests that his "responsibility" for employees in the health care unit (or lack thereof) has any connection to whether he intended to sexually assault Plaintiff. Defendant's Motion in Limine No. 13 is GRANTED.

### 14. The size of the law firm representing Defendant; time and money spent on defense

Plaintiff has no objection, but asks that this order apply to all parties. Defendant's Motion in Limine No. 14 is GRANTED. Neither party shall refer to the size of any law firm involved in this case, or the time and money spent on litigation.

### 15. "Golden rule" arguments or testimony

Plaintiff raises no objection. Defendants' Motion in Limine No. 15 is GRANTED.

### 16. Plaintiff's previously dismissed claims

Plaintiff's First Amendment claim against Dr. Myers for sexually assaulting Plaintiff in retaliation for complaining about his medical treatment was dismissed with prejudice, as there

was no evidence to suggest that Dr. Myers was aware that Plaintiff had been complaining about his medical treatment. Plaintiff now contends that though the retaliation claim was dismissed with prejudice, he can still present evidence and argument at trial that Dr. Myers sexually assaulted him in retaliation for complaining about his medical treatment. This argument is non-sensical. At the final pretrial conference, Plaintiff could not identify any evidence that indicates Dr. Myers was aware that Plaintiff had submitted grievances and/or was complaining about his medical care. Accordingly, Defendant's Motion in Limine No. 16 is GRANTED IN PART. Plaintiff may not argue that Dr. Myers was motivated to sexually assault Plaintiff in retaliation for complaining about medical care.

Plaintiff's Eighth Amendment claims regarding his medical care were also dismissed with prejudice. At trial, the parties may present evidence regarding Plaintiff's condition and treatment at Pinckneyville prior to the alleged sexual assault to provide context to the jury regarding the rectal exam.

**17. Dr. Myers' state of mind during the examination in question**

To establish that Dr. Myers sexually assaulted Plaintiff in violation of the Eighth Amendment, Plaintiff must prove that Dr. Myers acted with a sufficiently culpable state of mind. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) (citations omitted). It is unclear how Plaintiff intends to prove Dr. Myers' state of mind. The Court does not intend to allow Plaintiff to speculate regarding Dr. Myers' thoughts before and during the alleged sexual assault, but Defendant has not identified specific testimony or evidence in which the Court could evaluate whether Plaintiff or another witness is speculating. Defendant's Motion in Limine No. 17 is therefore TAKEN UNDER ADVISEMENT.

**IT IS SO ORDERED.**

DATED:  February 14, 2024

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
